IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SANDRA D. THOMPSON, | * |
| Plaintiff, | * |
| vs. | *    CASE NO. 3:06-CV-90 (CDL) |
| CARRIER CORPORATION, | * |
| Defendant. | * |
| | * |

O R D E R

This action arises from Plaintiff's claims that she was discriminated against while employed with Defendant. On September 26, 2008, the Court granted Defendant's motion for summary judgment. *Thompson v. Carrier Corp.*, No. 3:06-CV-90 (CDL), 2008 WL 4446541 (M.D. Ga. Sept. 26, 2008). Plaintiff filed a timely Notice of Appeal on October 26, 2008. After several dismissals and reinstatements of the appeal, the case is presently pending in the Eleventh Circuit Court of Appeals.

While her appeal has been pending in the Eleventh Circuit, Plaintiff served upon Defendant and its counsel two subpoenas issued from the United States District Court for the Middle District of Georgia. Presently pending before the Court is Defendant's Motion to Quash Subpoenas, for Protective Order Against Further Proceedings, and for Sanctions (Doc. 65). Defendant seeks to quash the subpoenas, contending that they are defective for want of jurisdiction because the case is presently on appeal. Defendant also seeks recovery of

its reasonable attorney's fees incurred in filing its motion. Lastly, Defendant contends that the Court should issue a vexatious litigant order against Plaintiff, enjoining her from filing any further motions, subpoenas, or papers in this Court without pre-filing review and permission.  For the following reasons, Defendant's motion is granted in part and denied in part.

## DISCUSSION

**I. Motion to Quash Subpoenas**

On August 27, 2009, Defendant and Defendant's counsel were served by the Fulton County Sheriff's Department with two subpoenas issued by Plaintiff from the United States District Court for the Middle District of Georgia: (1) the first subpoena, dated August 18, 2009, was directed to Defendant's counsel's law firm, Ogletree, Deakins, Nash, Smoak, and Stewart, P.C. ("Ogletree Deakins") (Ex. C to Def.'s Mot., Ogletree Deakins Subpoena, Aug. 18, 2009);[1] and (2) the second subpoena, dated August 20, 2009, was directed to Defendant Carrier Corporation (Ex. D to Def.'s Mot.,

---

[1] The Ogletree Deakins Subpoena requested the production of the following documents:

> 1) The turn back sheet that was turn by Thompson considering the down time of Retain Haynes[;] 2) The E-Mail from Dudley to Lynn of the down time[;] 3) Bid job if all lead person in small bus dept.[;] 4) Cornelius Collins disciplinary file[;] 5) Copy of Cornelius Collins Performance Revi[ew][;] [and] 6) Copy of Miguel Mendez disciplinary file[.]

2

Carrier Corp. Subpoena, Aug. 20, 2009).[2]  Defendant contends that these two subpoenas are defective for lack of jurisdiction.  The Court agrees.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see, e.g., Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986) (per curiam) ("It is the general rule of this Circuit that the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters . . . in the appeal, except to the extent that the trial court must act in aid of the appeal.").  *But see Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64-65 (11th Cir. 1982) (noting district court has jurisdiction to award costs and attorney's fees after notice of appeal is filed).

Here, Plaintiff served upon Defendant and its counsel two subpoenas—directly related to her action on appeal—after Plaintiff filed her notice of appeal.  The filing of Plaintiff's notice of appeal divested the Court of jurisdiction to issue the subpoenas.

---

[2] The Carrier Corp. Subpoena required the production of the following documents: "[1] Finance Record of Carrier Corp., Bank Statement[;] [2] Howard Evans Bank financial record[;] [and] [3] Business Record of McLane Southeast and Carrier Corp."

Thus, the subpoenas are defective. Accordingly, Defendant's motion to quash is granted, and the subpoenas are hereby quashed.

## II. Motion for Sanctions Under Federal Rule of Civil Procedure 45

Defendant seeks its reasonable attorney's fees incurred in bringing its motion to quash the subpoenas. Under Federal Rule of Civil Procedure 45(c)(1),

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Here, Plaintiff served two improper subpoenas upon Defendant and its counsel. (*See* Ogletree Deakins Subpoena; Carrier Corp. Subpoena.) Plaintiff made *no* effort to avoid undue burden or expense on Defendant, and as a result of Plaintiff's failure to comply with Rule 45, Defendant incurred legal expenses. (*See* Ex. F to Def.'s Mot., Eckard Decl. ¶ 5, Aug. 31, 2009.) The Court finds that Defendant is entitled to recover $500.00 as reasonable attorney's fees incurred in bringing this motion. Accordingly, Plaintiff shall pay Defendant $500.00, and that payment shall be made to Defendant within thirty days of today's Order.

## III. Motion for Vexatious Litigant Order

The Court finds that Defendant's request for a "vexatious litigant order" is not necessary at this time. Plaintiff, however,

4

is on notice that future frivolous conduct in this case may result in additional sanctions, including dismissal of Plaintiff's Complaint.

CONCLUSION

As discussed above, the Court finds that the filing of Plaintiff's Notice of Appeal divested the Court of jurisdiction to issue the subject subpoenas.  The Court further finds that Defendant is entitled to recover attorney's fees of $500.00 from Plaintiff. Accordingly, Defendant's Motion to Quash Subpoenas, for Protective Order Against Further Proceedings, and for Sanctions (Doc. 65) is granted in part and denied in part.  The subpoenas are hereby quashed, and Plaintiff shall make payment to Defendant in the amount of $500.00 within thirty days of today's Order.

IT IS SO ORDERED, this 21st day of October, 2009.

    S/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE